UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JESUS ESPIRITU SANTO, | ) | CASE NO. 4:08 CV 901 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION | ) | AND ORDER |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 8, 2008, pro se plaintiff Jesus Espiritu Santo filed this action under 42 U.S.C. §1983 against Corrections Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC") Warden Joseph Gunja, Assistant Warden of Operations Galey Gates, NEOCC Clinical Director Dr. Aiad Toss, NEOCC Health Services Administrator Ms. Dana Orenic, Case Manager Ms. A. Cox, the NEOCC Staff Hospital Nurses, NEOCC Corrections Officer Ms. McGuaine, NEOCC Corrections Officer Lugo, and NEOCC Corrections Officer Pagan. In the complaint, plaintiff asserts that the defendants have been deliberately indifferent to his serious medical needs. He seeks compensatory and punitive damages.

**Background**

On August 30, 2007, Mr. Santo noticed Inmate Jose Guillen assaulting Officer

McGuaine. He intervened to protect the officer and dislocated his shoulder. Dr. Toss diagnosed Mr. Santo's shoulder as a soft-tissue injury which could be surgically repaired. When he did not receive a referral to a specialist, Mr. Santo sent an Inmate Request to Staff form to Warden Gunja on October 12, 2007, reporting that the medical staff failed to properly treat his injuries. He received a response from a physician in the medical department which stated, "unfortunately elective surgery (non-emergency) soft tissue problems of shoulder are NOT to be treated surgically while incarcerated as no urgent need to correct such problem. Still we might be able to help you with pain control. I will be glad to see you in doctor sick call."[1] (Compl. Ex. 8.) He sent an Inmate Request to Staff to the Warden again on November 10, 2007 requesting medical attention and financial remuneration for helping the officer. The Warden indicated that the physicians would have to refer him to a specialist. To date, he has not been considered as a candidate for surgery. He maintains that the current course of treatment is inadequate and that the defendants were deliberately indifferent to his serious medical needs.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v.

---

[1] Mr. Santo states that the Warden responded to this grievance; however, the language in the response indicates that a physician supplied the answer. In addition, the signature on the grievance does not match the warden's signature on other grievance forms.

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the
(continued...)

2

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims against Mr. Gates, Ms. Cox, the Hospital Staff Nurses, Ms. McGuaine, Mr. Lugo and Mr. Pagan are dismissed pursuant to § 1915(e).

      A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). There is no mention of Assistant Warden Galey Gates or Unit Manager Ms. Cox in the complaint and no reasonable inference can be drawn that these two individuals were responsible for making medical decisions which adversely affected the plaintiff. Although the Hospital Staff Nurses provide medical care, there are no allegations against them in the complaint. Finally, Ms. McGuaine was the victim of the inmate assault and Officers Lugo and Pagan were witnesses. Mr. Santo does not allege that these three defendants engaged in any wrongful actions. The complaint simply contains no facts which reasonably associate any of these defendants to any of the claims set forth by the plaintiff.

## Conclusion

      Accordingly, the claims against Mr. Gates, Ms. Cox, the Hospital Staff Nurses, Ms. McGuaine, Mr. Lugo and Mr. Pagan are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

---

(...continued)
reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

in good faith.[3] This action shall proceed solely against Corrections Corporation of America, Warden Joseph Gunja, Dr. Aiad Toss and Health Care Administrator Dana Orenic. Because Mr. Santo has not provided U.S. Marshal forms or summonses to serve the defendant, the Clerk's Office cannot forward this matter to the U.S. Marshal for service on the remaining defendants. Accordingly, Mr. Santo is ordered to provide U.S. Marshal forms and summonses for Corrections Corporation of America, Warden Joseph Gunja, Dr. Aiad Toss and Health Care Administrator Dana Orenic within thirty (30) days of this order. Mr. Santo is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms. The Clerk's Office is directed to mail sufficient marshal forms and summonses to Mr. Santo with a copy of this order.

       IT IS SO ORDERED.


Date: August 4, 2008                      S/John R. Adams
                                              JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE

---

[3]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.